UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC ANDERSON,

　　　　　　　Plaintiff,

　　v.

ENCORE CAPITAL GROUP INC, et al.,

　　　　　　　Defendants.

CASE NO. C19-5460RBL

ORDER

THIS MATTER is before the Court on Plaintiff Anderson's Motion to Strike Defendants' Encore[1] et al.'s affirmative defense under Fed. R. Civ. P. 21(f). [Dkt. # 8]. Anderson sued under the Fair Debt Collection Procedures Act, claiming Encore failed to acknowledge that he disputed a debt it was seeking to collect.

Encore's Answer included the bona fide error affirmative defense under the FDCPA. Anderson argues that the affirmative defense is subject to the same plausibility pleading standard applicable to a plaintiff's claims, and argues that simply reciting the elements of the defense is

---

[1] There are multiple defendants, and each asserted the bona fide error affirmative defense. This Order uses the singular "Encore" for clarity.

ORDER - 1

not enough to survive what is effectively a Rule 12(b)(6) challenge to the bona fide error affirmative defense.

Encore argues, persuasively, that the familiar *Iqbal/Twombly* plausibility standard does not apply to affirmative defenses:

> Moreover, the familiar *Twombly* and *Iqbal* pleading standards do not apply to affirmative defenses. "Factually speaking, courts in this district have generally interpreted 'fair notice' to require something far less than the specificity required of a complaint under *Twombly* and *Iqbal*." *United States v. Ctr. for Diagnostic Imaging, Inc.*, 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16, 2011); *see also Trustmark Ins. Co. v. C & K Mkt., Inc.*, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011). A motion to strike an affirmative defense is only granted where there are no questions of fact, any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed. *Silver Valley Partners, LLC v. De Motte*, 2006 WL 538208, at *1 (W.D. Wash. Mar. 3, 2006) (Leighton).

Dkt. # 14 at 2.

Anderson reiterates that the bona fide error defense requires the defendant to affirmatively plead and to prove two elements: (1) that there was no intent to violate the statute and (2) that the debt collector maintains procedures reasonably adapted to avoid the error. *See* 15 U.S.C. § 1692(k). He argues that Encore's affirmative defense "had to have been plead with particularity," supported by facts. Because it did not, he claims, the affirmative defense should be stricken.

But the cases he cites (but does not discuss or quote) do not so hold. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1276 (11th Cir. 2011), for example, reversed a summary judgment; it did not address the pleading specificity required to put the defense in play. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) involved amending an answer to assert a limitations period affirmative defense but did not hold that *Iqbal* (or Rule 9) applied to that defense. *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) struck several boilerplate affirmative defenses in a patent case, but permitted the defendant to amend his answer to

articulate their bases. It is not clear how plaintiff believes *Fed. Dep. Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) applies, but it does not hold that a bona fide error defense must be plead with the factual plausibility required under *Iqbal*, or the particularity sometimes required under Rule 9. None of the other authorities support Anderson's claim that in the absence of factual support for the affirmative defense, it must be stricken without leave to amend.

It seems clear that the way to determine what procedures Encore believes it has in place to avoid mistakes is to conduct discovery into those procedures, or to obtain an admission that none exist.

Furthermore, even if the familiar *Iqbal/Twombly* plausibility standard *did* apply to the bona fide error affirmative defense, the cure for an insufficient pleading is amendment, not dismissal. On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian*

*Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

Anderson claims that this motion was Encore's only chance to correct the record, and that its failure to do so has prejudiced him (and the Court). He claims the affirmative defense should be stricken without leave to amend. But trial is almost a year away and the conclusory claim of prejudice is, well, implausible. He has not articulated any prejudice in permitting Encore to support its affirmative defense with more specific factual allegations.

The Court is not inclined to require an amended answer when there are other, far more efficient ways to ascertain what Encore thinks are its adequate procedures. Anderson's Motion to Strike the FDCPA bona fide error affirmative defense is **DENIED**.

IT IS SO ORDERED.

Dated this 19th day of August, 2019.

Ronald B. Leighton
United States District Judge